UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
STEVEN G. MARSH                                                    COMPLAINT

                                                                   JURY DEMAND
                                        Plaintiff,

        -against-


THE CITY OF NEW YORK; ALAN CHAU, as Conditions
Sergeant, 67th Precinct and SAUL DELACRUZ; as Police
Officer, 67th Precinct, each sued individually and in their
Official capacities as employees of defendant THE CITY OF
NEW YORK

                                        Defendants'
-------------------------------------------------------------------------x

        The plaintiff STEVEN G. MARSH by his attorney The Sanders Firm, P.C., for his

complaint against defendants' THE CITY OF NEW YORK; ALAN CHAU and SAUL

DELACRUZ respectfully set forth and allege that:

### INTRODUCTION

        This is an action for equitable relief and money damages on behalf of the Plaintiff STEVEN

G. MARSH, (hereinafter referred to as "Plaintiff") who was deprived of his constitutional rights as

a U.S. Citizen due to defendants' THE CITY OF NEW YORK; ALAN CHAU and SAUL

DELACRUZ'S conduct.

### JURISDICTION AND VENUE

        1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

        a.      the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection

                of all persons in his civil rights and the redress of deprivation of rights under

                color of law.

2.	The unlawful employment practices, violations of Plaintiff's civil rights complained of herein were committed within the Eastern District of New York.

## PROCEDURAL REQUIREMENTS

3.	Plaintiff has filed suit with this Court within the applicable statute of limitations period.

4.	Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

5.	Plaintiff STEVEN G. MARSH is a male U.S. Citizen, over twenty-one (21) years of age and resident of Kings County.

## DEFENDANTS'

6.	Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

7.	Defendant ALAN CHAU, as Conditions Sergeant, 67th Precinct.

8.	Defendant SAUL DELACRUZ, as Police Officer, 67th Precinct.

## BACKGROUND

9.	Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ 'falsely' arrested him on January 1, 2017 inside the premise of the Gladyet Banquet Hall dba Gladyet Banquet Community Center, Inc., 95-24 Ditmas Avenue Brooklyn, N.Y. 11236, for allegedly committing the offenses of Reckless Endangerment in the Second Degree in violation of Penal Law § 120.00, Possession of Forged Instrument in the Third Degree, Operating an Unlicensed Bottle Club, Storing Alcohol Without A Permit and Criminal Nuisance in the Second Degree.

10.	Plaintiff alleges before he was 'falsely arrested' defendants' ALAN CHAU and

SAUL DELACRUZ knew he does not have an ownership interest in Gladyet Banquet Community Center, Incorporated.

11. Plaintiff alleges he was arraigned in the Criminal Court of the City of New York, County of Kings on or about January 2, 2017, and Released on Recognizance.

12. Plaintiff alleges the matter was adjourned to February 7, 2017.

13. Plaintiff alleges on or about February 7, 2017, he appeared in the Criminal Court of the City of New York, County of Kings, the People were not ready.

14. Plaintiff alleges on or about March 15, 2017, he appeared in the Criminal Court of the City of New York, County of Kings, the People were not ready.

15. Plaintiff alleges on or about May 3, 2017, he appeared in the Criminal Court of the City of New York, County of Kings, the People were not ready.

16. Plaintiff alleges on or about July 10, 2017, he appeared in the Criminal Court of the City of New York, County of Kings, the People were not ready.

17. Plaintiff alleges on or about September 12, 2017, he appeared in the Criminal Court of the City of New York, County of Kings, the People were not ready.

18. Plaintiff alleges on or about November 13, 2017, he appeared in the Criminal Court of the City of New York, County of Kings, for trial proceedings.

19. Plaintiff alleges on or about December 1, 2017, he appeared in the Criminal Court of the City of New York, County of Kings, for trial proceedings.

20. Plaintiff alleges on or about January 8, 2018, he appeared in the Criminal Court of the City of New York, County of Kings, for trial proceedings but the case dismissed.

21. Plaintiff alleges from January 1, 2017, through January 8, 2018, defendants' ALAN CHAU and SAUL DELACRUZ never informed the Office of the District Attorney, County of

Kings that they knew he does not have an ownership interest in Gladyet Banquet Community Center, Incorporated to coverup their 'false arrest.'

22. Plaintiff alleges defendants' THE CITY OF NEW YORK; ALAN CHAU and SAUL DELACRUZ'S actions caused him emotional distress, loss of income and unnecessary legal costs.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### ABUSE OF AUTHORITY
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

23. Plaintiff re-alleges Paragraphs 1 through 22 and incorporates them by reference as Paragraphs 1 through 22 of Count I of this Complaint.

24. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ under color of law, personally interfered with and deprived him of his constitutional rights.

25. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ under color of law, as employees and/or agents of defendant THE CITY OF NEW YORK either acted in a concerted, malicious intentional pattern to deprive him of his constitutional rights or knowing such constitutional violations was taking place, knowingly omitted to protect him from continuing deprivations of his constitutional rights.

26. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be arrested, selectively and maliciously prosecuted for Reckless Endangerment in the Second Degree; Criminal Possession of a Forged Instrument in the Third Degree; Criminal Nuisance in the Second Degree; Unlicensed Bottle Club and Storing of Alcoholic Beverages for their pecuniary gain.

4

27. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be prosecuted, selectively and maliciously prosecuted resulting in the dismissal of all charges.

28. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ caused him to sustain damages to his reputation, financial interests, mental anguish and to incur significant legal costs.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## FALSE ARREST
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

29. Plaintiff re-alleges Paragraphs 1 through 28 and incorporates them by reference as Paragraphs 1 through 28 of Count II of this Complaint.

30. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ intended to confine him.

31. Plaintiff alleges he was conscious of the confinement.

32. Plaintiff alleges he did not contest the confinement.

33. Plaintiff alleges the confinement was not otherwise privileged.

34. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ did not have probable cause to arrest him.

## COUNT III
## VIOLATION OF THE FOURTH AMENDMENT
## MALICIOUS PROSECUTION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

35. Plaintiff re-alleges Paragraphs 1 through 34 and incorporates them by reference as Paragraphs 1 through 34 of Count III of this Complaint.

36. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ under color of law, personally interfered with and deprived him of his constitutional rights.

37. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ initiated and continued a criminal proceeding against him.

38. Plaintiff alleges the charges were dismissed as part of the criminal proceeding related to Reckless Endangerment in the Second Degree; Criminal Possession of a Forged Instrument in the Third Degree; Criminal Nuisance in the Second Degree; Unlicensed Bottle Club and Storing of Alcoholic Beverages

39. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ arrested him or caused him to be arrested, continuing with the prosecution although they had no probable cause.

40. Plaintiff alleges defendants' ALAN CHAU and SAUL DELACRUZ continued the prosecution with malice for their own monetary and pecuniary gain.

## COUNT IV
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

41. Plaintiff re-alleges Paragraphs 1 through 40 and incorporates them by reference as Paragraphs 1 through 40 of Count IV of this Complaint.

42. Plaintiff alleges defendant THE CITY OF NEW YORK'S actions was under color of law.

43. Plaintiff alleges he sustained constitutional injuries because of defendant THE CITY OF NEW YORK'S "official policies" 'falsely' arresting people in the 67th Precinct for their own monetary and pecuniary gain.

## COUNT V
## FAILURE TO TRAIN
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

44. Plaintiff re-alleges Paragraphs 1 through 44 and incorporates them by reference as Paragraphs 1 through 44 of Count V of this Complaint.

45. Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront situations involving arrests and prosecutions.

46. Plaintiff alleges arrests and prosecutions presents the employee with a difficult choice of the sort either that training will make handling such matters objectively and less difficult or that there is a history of employees mishandling arrests and prosecutions.

47. Plaintiff alleges mishandling arrests and prosecutions will frequently cause the deprivation of a citizen's constitutional rights.

48. Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to train its employees involving objectively handling arrests and prosecutions he sustained constitutional injuries.

## COUNT VI
## FAILURE TO SUPERVISE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

49. Plaintiff re-alleges Paragraphs 1 through 49 and incorporates them by reference as Paragraphs 1 through 49 of Count VI of this Complaint.

50. Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront situations involving arrests and prosecutions.

51. Plaintiff alleges arrests and prosecutions presents the employee with a difficult choice of the sort either that training will make handling such matters objectively and less

difficult or that there is a history of employees mishandling arrests and prosecutions.

52. Plaintiff alleges mishandling arrests and prosecutions will frequently cause the deprivation of a citizen's constitutional rights.

53. Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to supervise its employees involving objectively handling arrests and prosecutions he sustained constitutional injuries.

## COUNT VII
## FAILURE TO SUPERVISE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

54. Plaintiff re-alleges Paragraphs 1 through 53 and incorporates them by reference as Paragraphs 1 through 53 of Count VII of this Complaint.

55. Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront situations involving arrests and prosecutions.

56. Plaintiff alleges arrests and prosecutions presents the employee with a difficult choice of the sort either that training will make handling such matters objectively and less difficult or that there is a history of employees mishandling arrests and prosecutions.

57. Plaintiff alleges mishandling arrests and prosecutions will frequently cause the deprivation of a citizen's constitutional rights.

58. Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to discipline its employees involving objectively handling arrests and prosecutions he sustained constitutional injuries.

## JURY TRIAL

59. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; ALAN CHAU and SAUL DELACRUZ jointly and severally, in an amount to be determined at trial, plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated: March 28, 2018
New York, NY

Respectfully submitted,

By: _____
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, N.Y. 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com