UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN MARSH,

                    Plaintiff,

          v.

THE CITY OF NEW YORK, *et al.*,

                    Defendants.

**MEMORANDUM & ORDER**
18-CV-01883 (HG) (RER)

**HECTOR GONZALEZ**, United States District Judge:

          Plaintiff, Steven Marsh ("Plaintiff" or "Marsh"), brings a civil rights action under 42

U.S.C. § 1983 against the City of New York, Sergeant Alan Chau ("Chau"), and Police Officer

Saul Delacruz ("Delacruz") (collectively, "Defendants").  Plaintiff asserted claims of false arrest,

malicious prosecution, and municipal liability.  ECF No. 4.  Plaintiff's claims arise from his

arrest on January 1, 2017, for the offenses of reckless endangerment, possession of a forged

instrument, operating an unlicensed bottle club, storing alcohol without a permit, and criminal

nuisance, as well as his subsequent prosecution.  *Id.* ¶¶ 9–20.  The parties filed supplemental

summary judgment briefing on Plaintiff's false arrest and malicious prosecution claims.  *See*

ECF Nos. 65, 66, 68.  For the reasons set forth below, the Court grants summary judgment for

Defendants as to both the false arrest and the malicious prosecution claim.

## BACKGROUND[1]

          Plaintiff alleges that Defendants falsely arrested him on January 1, 2017, at Gladyet

Banquet Hall (the "hall") located at 9524 Ditmas Avenue.  The hall was rented out for a New

---

[1]      A more detailed background of the case can be found in the initial summary judgment
order.  *See* ECF No. 47 at 2–4.

Year's Eve party from the evening of December 31, 2016, to the morning of January 1, 2017.

Defendants conducted a business inspection of the hall.  According to Defendants, Plaintiff and

others subsequently identified Plaintiff as the party promoter to Defendants, which Plaintiff

disputes.  Observing what they believed to be violations of the law, Defendants arrested Plaintiff

for allegedly committing the offenses noted above.  *See* ECF No. 66 at 5.

## PROCEDURAL HISTORY

On March 28, 2018, Plaintiff filed a complaint alleging:  (i) abuse of authority in

violation of 42 U.S.C. § 1983 against Defendants City of New York, Chau and Delacruz; (ii)

false arrest in violation 42 U.S.C. § 1983 against Defendants Chau and Delacruz; (iii) malicious

prosecution in violation of 42 U.S.C. § 1983 and the Fourth Amendment against Defendants

Chau and Delacruz; and (iv) *Monell v. Department of Social Services*, 436 U.S. 658 (1978),

claims for violations of 42 U.S.C. § 1983 against the City of New York ("Complaint").[2]  *See*

ECF No. 4 at 4–8.  Defendants filed their motion for summary judgment on September 9, 2019.

*See* ECF No. 31.  Plaintiff filed his opposition to Defendants' motion on October 21, 2019,

explaining that it also constituted his cross-motion for summary judgment.  *See* ECF No. 40.

Although Plaintiff's motion did not include the required 56.1 Statement of Material Facts ("Pl.'s

56.1" or "Plaintiff's 56.1 Statement") or a response to Defendants' 56.1 Statement of Material

Facts ("Defs.' 56.1" or "Defendants' 56.1 Statement"), the Court exercised its discretion and

afforded Plaintiff another opportunity to file a 56.1 Statement.  *See* Op. & Order, Nov. 19, 2019.

Plaintiff filed his 56.1 Statement on November 26, 2019.  *See* ECF No. 43.  Plaintiff did not,

however, file a counterstatement controverting the facts in Defendants' 56.1 Statement.  As a

---

[2]     Plaintiff appears to have made identical allegations for failure to supervise in Counts VI
and VII of his Complaint.  *See* ECF No. 4 at 7–8.

result, Defendants urged the Court to deem their entire 56.1 Statement admitted.  *See* ECF No. 42 at 2–4.  The Court, once again exercising its discretion, denied Defendants' request and assessed the motion for summary judgment on the merits.  *See* ECF No. 47 at 5–6.  On May 21, 2020, the Court granted in part and denied in part Defendants' motion for summary judgment and denied Plaintiff's cross-motion for summary judgment.  *See* ECF No. 47.  The Court denied summary judgment to both parties on the false arrest claim and granted summary judgment to Defendants on the malicious prosecution claim and to the City of New York on all of Plaintiff's municipality liability claims.[3]  *Id.*

On May 16, 2022, Plaintiff filed a letter-motion seeking reconsideration of the Court's decision to grant summary judgment on the malicious prosecution claim in light of the Supreme Court's decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022) (holding that a plaintiff need not show an affirmative indication of innocence but only that the criminal prosecution ended without a conviction).  *See* ECF No. 62.  On May 19, 2022, the Court instructed the parties to submit supplemental summary judgment briefing with respect to Plaintiff's malicious prosecution and false arrest claims.  *See* ECF No. 63.  On June 24, 2022, Defendants filed their supplemental briefing.  *See* ECF No. 65.  On July 14, 2022, Plaintiff filed his opposition.  *See* ECF No. 66.  On August 5, 2022, Defendants filed their reply.  *See* ECF No. 68.

## STANDARD OF REVIEW

"A district court . . . possesses the inherent authority to *sua sponte* reconsider its own interlocutory orders before they become final."  *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail Rigging, LLC*, No. 11-cv-3238, 2015 WL 545565, at *2 (S.D.N.Y. Feb. 9, 2015).  Thus,

---

[3]     The Court considered Count One of the Complaint alleging "abuse of authority" to be abandoned.  *See* ECF No. 47 at 1 n.1.

"[b]ecause the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *See Grimaldi v. Promuto*, No. 13-cv-1692, 2014 WL 12657039, at *1 (S.D.N.Y. Oct. 17, 2014) (citing *Nabisco v. Warner-Lambert Co.*, 32 F. Supp. 2d 690, 694 (S.D.N.Y. 1999)). "Whether such revision is appropriate in any given case is within the sound discretion of the trial judge." *Acha v. Beame*, 570 F.2d 57, 63 (2d Cir. 1978); *accord Esposito v. Suffolk Cnty. Cmty. Coll.*, 517 F. Supp. 3d 126, 134 (E.D.N.Y. 2021).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citations omitted).

In deciding a summary judgment motion, any ambiguities and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995). In reviewing the evidence and inferences that may reasonably be drawn, the court "may not make credibility determinations or weigh the

4

evidence . . . .  Credibility determinations . . .  [are a] jury function[ ], not [that] of a judge."

*Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000) (citation and internal

quotation marks omitted).  Nevertheless, "[t]he mere existence of a scintilla of evidence in

support of the plaintiff's position will be insufficient; there must be evidence on which the jury

could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.

## DISCUSSION

### I.  False Arrest

In Count Two of the Complaint, Plaintiff alleges that Defendants falsely arrested him in

violation of 42 U.S.C. § 1983.  *See* ECF No. 4 ¶¶ 29-34.  The Court previously denied summary

judgment for both Defendants and Plaintiff on the basis that "genuine issues of material fact

remain as to the officers' knowledge of Plaintiff's status as a promoter, the degree of control that

he exercised over the party, and his financial interest in the party."  *See* ECF No. 47 at 10.  The

Court found that "although the weight of evidence . . . is indisputably in defendants' favor, it

cannot grant summary judgment for defendants" on the basis that genuine issues of material fact

remain.  *Id.* at 13-14.  However, upon reconsideration, this Court finds that Defendants had

arguable probable cause to arrest Plaintiff based on the subset of facts which no reasonable jury

could resolve in Plaintiff's favor.  Defendants are therefore entitled to qualified immunity on

Plaintiff's false arrest claim.

### A.  Applicable Law

A Section 1983 claim for false arrest is substantially the same as a false arrest claim

under New York law.  *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  To state a claim

for false arrest under New York law, "a plaintiff must show that:  (1) the defendant intentionally

confined the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not

consent to the confinement, and (4) the confinement was not otherwise justified." *Douglas v. City of New York*, 595 Supp. 2d 333, 340 (S.D.N.Y. 2009).  The existence of probable cause is "a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Weyant*, 101 F.3d at 852 (internal quotation marks and citation omitted). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* "[W]hether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the [arresting] officers." *Id.*

Nevertheless, a police officer is entitled to qualified immunity on a false arrest claim "if there was at least arguable probable cause at the time the officer arrested the plaintiff." *Mitchell v. City of New York*, 749 F. App'x 75, 77 (2d Cir. 2019).  "The doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." *Rolkiewicz v. City of New York*, 442 F. Supp. 3d 627, 643 (S.D.N.Y. 2020) (quoting *Bradway v. Gonzales*, 26 F.3d 313, 317–18 (2d Cir. 1994)).  "In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry.  The first asks whether the facts, [t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right[.] . . . The second prong of the qualified-immunity analysis asks whether the right in question was clearly established at the time of the violation . . . .  Said differently, if the officer's conduct violated a right, we analyze the objective reasonableness of the officer's belief in the lawfulness of his

6

actions.  If the officer reasonably believed that his actions did not violate plaintiff's rights, he is

entitled to qualified immunity even if that belief was mistaken." *Id.* at 643–44 (internal

quotation marks and citations omitted).

**Defendants Had Arguable Probable Cause to Arrest Plaintiff**

Plaintiff argues that Defendants did not have probable cause or arguable probable cause

to arrest because Defendant Delacruz admitted that Plaintiff was "not the 'owner' nor [had] an

'ownership interest'" in the hall.  ECF No. 40 at 7.  "[P]robable cause to arrest exists when the

officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances

that are sufficient to warrant a person of reasonable caution in the belief that an offense has been

or is being committed by the person to be arrested."  *Manganiello v. City of New York*, 612 F.3d

149, 161 (2d Cir. 2010) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007)).  "[A]

police officer is entitled to qualified immunity in the context of a false arrest claim if there was at

least 'arguable probable cause' at the time the officer arrested the plaintiff."  *Mitchell v. City of*

*New York*, 749 F. App'x 75, 77 (2d Cir. 2019).  Arguable probable cause exists if "*any*

reasonable officer, out of the wide range of reasonable people who enforce the laws in this

country, *could have* determined that the challenged action was lawful."  *Figueroa v. Mazza*, 825

F.3d 89, 100 (2d Cir. 2016).  Defendants move for summary judgment as to the false arrest

claim, asserting that they had probable cause, or arguable probable cause, to arrest Plaintiff for

operating an unlicensed bottle club because he and others identified Plaintiff as the promoter.

The proper interpretation of § 64-b of New York's Alcohol Beverage Control Law

("Alcohol Beverage Control Law") was not clearly established at the time of Plaintiff's arrest.

That law provides that "[i]t shall be unlawful for any person . . . operating a place for profit or

pecuniary gain, with a capacity for the assemblage of twenty or more persons to permit . . .

[persons to] . . . consum[e] alcoholic beverages . . . unless an appropriate license has first been

obtained." As the Court previously explained, the case law on whether a "promoter" is considered an "operator" within the meaning of the law is "limited and inconclusive." ECF No. 47 at 10–13. This Court, however, finds that the officers' knowledge of Plaintiff's status as a promoter is sufficient for purposes of establishing arguable probable cause to arrest him for operating an unlicensed bottle club.[4] The officers' knowledge of Plaintiff's status as a promoter establishes sufficient control over the venue and financial interest in the premises, such that a "reasonable officer . . . *could have* determined that" he was violating the Alcohol Beverage Control Law. *Figueroa*, 825 F.3d at 100. This determination is independent of whether Plaintiff *had in fact* violated the law—arguable probable cause requires the Court to consider what a reasonable officer could have determined, even if the officer was mistaken.

While the parties have given different accounts of whether anyone at the party, including Plaintiff, identified Plaintiff as the promoter, the Court does not find this factual dispute to be a "genuine dispute of material fact," given Plaintiff's inconsistent statements in his interview with the New York Police Department's Internal Affairs Bureau ("IAB Interview") and deposition testimony. "Though 'it is not the role of the Court at summary judgment to resolve [a] factual clash[,] . . . in the rare circumstances where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' . . . without making some assessment of the plaintiff's account." *Dash v. Montas*, No. 17-cv-515, 2020 WL 1550708, at *11 (E.D.N.Y. Mar. 31, 2020) (citing *Rojas v. Roman Cath. Diocese of Rochester*,

---

[4] The parties do not dispute that Defendant Delacruz alleged that: (i) multiple alcoholic beverages containing hard liquor were recovered from behind the bar, and that (ii) Plaintiff provided two fraudulent NYS Liquor Authority Temporary, Beer, Wine and Cider permits. *See* Pl.'s 56.1, ECF No. 66 at 5. Indeed, Plaintiff does not deny these assertions.

660 F.3d 98, 105 (2d Cir. 2011)).  "Where the factual dispute is based on each side telling a different story, those stories must be 'at least plausible' to create a 'genuine' dispute of material fact."  *Id.* [5]

Plaintiff disputes that anyone identified him as the party promoter to Defendants.  *See* ECF No. 39-3 at 40:25–41:6.  This assertion, however, is inconsistent with statements that Plaintiff made during his IAB Interview on January 4, 2017.  *See* ECF Nos. 40, 66.  Plaintiff filed a complaint with the New York City Civilian Complaint Review Board, which was referred to IAB soon after his arrest, alleging that he "was falsely arrested by the officers."  ECF No. 39-3 at 56:22–57:19.  He also alleged during the IAB Interview that he was "[m]issing money" that Defendants had "confiscated."  ECF No. 36 at 13:1–5, 58:22–25.

At the IAB Interview, Plaintiff unequivocally stated, "[the officers] asked, 'Who's the promoter.'  Two girls pointed me out.  'Hey . . . he's the promoter.'  I'm like, 'Yes I am.  I'm the promoter.  How can I help you?'"  ECF No. 36 at 8:24–9:7.[6]  In his deposition testimony, Defendant Delacruz stated, "I walked over and approached.  'How's it going, sir?  I'm here to do a business inspection['] . . . .  He told me his name was Steven Marsh, promoter of the party . . . ."  ECF No. 39-9 at 133:14–19.  This is corroborated by Defendant Chau's deposition testimony: "Mr. Marsh walked out on his own and he said, [']how can I help you or how can I help you,

---

[5]      The Second Circuit recently clarified that assessing a plaintiff's inconsistent or contradicting statements in deciding whether to grant summary judgment does not amount to "assess[ing] [the plaintiff's] credibility, or to weigh[ing] his testimony against the evidence offered by Defendants-Appellees."  *Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 456 (2d Cir. 2022).  In light of *Saeli*, this Court reconsidered whether Defendants were entitled to qualified immunity on Plaintiff's false arrest claim.

[6]      Plaintiff reaffirmed during his deposition on May 7, 2019, that his statements during the IAB Interview were "truthful and accurate."  ECF No. 39-3 at 58:2–21.

Officer['] . . . . [Mr. Marsh] told me he was in charge of the place."  ECF No. 39-6 at 95:8–9, 156:16.

Even though Plaintiff testified at his deposition that all of his answers during the IAB Interview were truthful, he nevertheless denied during the deposition that he had identified himself as the promoter.  *See* ECF No. 39-3 at 40:22–25 ("Q: Did you identify yourself as a promoter on the night of the incident?  A. No.").  This new account is implausible, however, in light of his previous unequivocal, recorded statement during the IAB Interview, which is consistent with the testimony of the officers.  A party cannot create a genuine issue of material fact by contradicting his previous affirmed statement without explaining or resolving the contradiction.  *See Connolly v. City of New York*, No. 16-cv-465, 2020 WL 5553843, at * 8 (E.D.N.Y. Aug. 18, 2020), *aff'd in relevant part*, No. 20-3125-cv, 2022 WL 843497 (2d Cir. Mar. 22, 2022).  Accordingly, Plaintiff cannot create a genuine issue of fact by retracting his earlier statements during the IAB Interview, for which he offers no explanation.  *See* ECF Nos. 40, 66.

Furthermore, "it is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness."  *Wieder v. City of New York*, 569 F. App'x 28, 29 (2d Cir. 2014) (summary order) (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006)); *see also Panetta*, 460 F.3d at 395 ("[I]nformation gleaned from informants can be sufficient to justify the existence of probable cause.").  In his deposition testimony, Defendant Delacruz stated that a security guard pointed Plaintiff out as the promoter, after which Plaintiff identified himself as a promoter.  *See* ECF No. 39-9 at 101:22–25, 102:19–25, 133:12–20; *see* Defs' 56.1, ECF No. 32 ¶ 32.  Plaintiff claims that no one at the event identified him as the promoter.  *See* ECF No. 39-3 at 40:25–41:6.

Such a conclusory statement, however, cannot create a genuine dispute of material fact.  "The non-moving party may not rely on its pleadings, mere allegations, simple denials, conclusory statements, or conjecture to create a genuine issue for trial."  *Butler v. Gonzalez*, No. 09-cv-1916, 2010 WL 3398156, at * 5 (S.D.N.Y. May 18, 2010).  The Court therefore concludes that, even construing the facts in the light most favorable to Plaintiff, Defendants had arguable probable cause to arrest Plaintiff for violating the Alcohol Beverage Control Law.  Accordingly, Plaintiff's claim for false arrest is dismissed.[7]

## II.    Malicious Prosecution

Count Three of the Complaint alleges that Defendants maliciously prosecuted Plaintiff in violation of the Fourth Amendment and 42 U.S.C. § 1983.  *See* ECF No. 4 ¶¶ 35–40.  The Court previously granted summary judgment in favor of Defendants on the basis that Plaintiff's underlying criminal action did not terminate in a manner that was indicative of his innocence. *See* ECF No. 47 at 16–17.  Plaintiff requested that the Court reconsider its decision in light of the Supreme Court's decision in *Thompson*, which held that a plaintiff need not show an affirmative indication of innocence, but only that the criminal prosecution ended without a conviction.  *See* 142 S. Ct. at 1333; ECF No. 66 at 11.  The Court reconsiders its prior summary judgment decision in light of *Thompson*.  For the reasons set forth below, which do not turn on the issue

---

[7]     It is worth noting that Plaintiff spends a significant amount of his brief discussing the subsequent IAB investigation and information uncovered as a result of that investigation, but such information is not pertinent to his false arrest claim.  *See* ECF No. 66 at 5–8.  "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury," as "[t]heir function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence . . . .  It is therefore of no consequence that a more thorough or more probing investigation might have cast doubt upon the situation."  *Diop v. City of New York*, 50 F. Supp. 3d 411, 419 (S.D.N.Y. 2014) (quoting *Krause v. Bennett*, 887 F.2d 362, 371–72 (2d Cir. 1989) (internal quotation marks omitted)).

addressed in *Thompson*, the Court grants Defendants' motion for summary judgment on the claim of malicious prosecution.

### A.  Applicable Law

To establish a Section 1983 claim of malicious prosecution, four elements must be shown:  "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions."  *Manganiello*, 612 F.3d at 161.  A plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must also show "some deprivation of liberty consistent with the concept of 'seizure.'"  *Levy v. City of New York*, 935 F. Supp. 2d 575, 588 (E.D.N.Y. 2013) (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995)).  With respect to the first prong, "[o]nce a criminal defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution."  *Levy*, 935 F. Supp. 2d at 588 (citation omitted).  For purposes of establishing the third prong, "probable cause for . . . malicious prosecution is different from probable cause for arrest.  Probable cause to prosecute exists where there are such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty."  *Benny v. City of Long Beach*, No. 20-cv-1908, 2022 WL 2967810, at *17 (E.D.N.Y. July 27, 2022) (internal quotation marks and citation omitted).  However, probable cause is "an absolute defense" to a malicious prosecution claim.  *Maron v. Cnty. of Albany*, 166 F. App'x 540, 541 (2d Cir. 2011).  With respect to the fourth prong, "[u]nder New York law, malice does not have to be actual spite or hatred, but means only that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something

other than a desire to see the ends of justice served." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996) (internal quotation marks and citation omitted).

### B. Plaintiff Failed to Raise Triable Issues of Fact as to Whether Defendants Maliciously Prosecuted Plaintiff

As an initial matter, the Court finds that Plaintiff has not established the first prong of his malicious prosecution claim. As explained above, the chain of causation between the officer's conduct and the claim of malicious prosecution is generally broken by the intervening actions of the prosecutor. *Levy*, 935 F. Supp. 2d at 588 (citation omitted). Accordingly, "a plaintiff usually cannot show arresting officers initiated a criminal proceeding against him solely based on an arrest . . . . [W]here a police officer is accused of providing false information to a prosecutor that influences a decision whether to prosecute, he may be held liable for malicious prosecution." *Id.* at 588–89. Plaintiff, however, does not suggest that Defendants provided false information to the prosecutor, but argues instead, that the case against him was insufficient because he was not the owner of the hall and violated no laws. *See* ECF No. 66 at 8–9.

Defendants did not arrest Plaintiff and subsequently sign the criminal complaint because they believed he was the "owner" of the hall. Rather, they believed he was the "promoter" responsible for the party and therefore responsible for violations of the law related to the event at the hall. *See* Defs.' 56.1, ECF No. 32 ¶¶ 24, 27–53. Plaintiff offers no evidence to suggest that Defendants provided prosecutors with false information, forwarded statements that were suspect, or withheld exculpatory evidence from the prosecutor to Plaintiff's detriment. Therefore, Plaintiff fails to meet the first prong of his malicious prosecution claim.

Plaintiff also cannot satisfy the malice prong of his malicious prosecution claim. "The Second Circuit denies malicious prosecution claims against police officers unless the plaintiff can establish that the indictment 'was produced by fraud, perjury, the suppression of evidence or

13

other police conduct undertaken in bad faith.'" *Wilson v. McMullen*, No. 07-cv-948, 2010 WL

1268055, at *6 (E.D.N.Y. Mar. 30, 2010) (quoting *Dawson v. Snow*, 356 F. App'x 526, 529 (2d

Cir. 2009)).  Plaintiff provides no evidence that either Defendant's involvement in the

subsequent prosecution was motivated by malice.

Plaintiff states that Defendant Delacruz "admitted plaintiff was not the 'owner' nor [held]

an 'ownership interest' in 9524 Ditmas Avenue."  ECF No. 66 at 8.  Defendant Delacruz's

admission does not amount to malice.  As discussed previously, Defendants Chau and Delacruz

entered the hall to conduct a business inspection.  *See* Defs.' 56.1, ECF No. 32 ¶¶ 25–26; Pl.'s

56.1, ECF No. 43 ¶ 29.  Defendant Delacruz knew the maximum occupancy for the hall was 15

people and had previously made arrests at the hall for operating an unlicensed bottle club.  Defs.'

56.1, ECF No. 32 ¶¶ 23–24.  Defendant Delacruz saw approximately 70 people outside and

observed approximately 170 individuals inside the location.  *Id.* ¶¶ 22, 27.  Defendant Delacruz

further testified that he had received training in forged instruments as well as seizing and making

arrests for forged liquor licenses.  *Id.* ¶¶ 42–45, 50.  Upon initial review of the purported liquor

licenses, and subsequent review of New York City Department of Buildings and New York State

Liquor License Authority websites, Defendant Delacruz concluded that both permits were

forged, and only permitted the sale of beer, wine and cider.  *Id*. ¶¶ 45–57.  Defendant Delacruz

observed hard liquor and smelled hard liquor in the hall.  *Id.* ¶¶ 48–54, 59-60.  Observing what

they believed to be violations of several laws, Defendants initiated a criminal proceeding against

an individual—Plaintiff—whom they believed was in charge and responsible for promoting the

party.  *See id.* ¶¶ 48–58.  Defendants did not need to believe Plaintiff was the owner to believe

that he was violating the law because, as explained above, the interpretation of the Alcohol

Beverage Control Law was not clearly established at that time.  Accordingly, no reasonable jury

would find that Defendants commenced a criminal proceeding against Plaintiff with malice. "Malice means that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than the desire to see the ends of justice served . . . .  Only where probable cause to initiate a proceeding is so *totally lacking* may malice be inferred." *Wilson*, 2010 WL 1268055, at *6 (emphasis added) (internal quotation marks and citations omitted).  Here, the Court finds that there is no genuine dispute of material fact that Defendants initiated the criminal proceeding against Plaintiff without malice.

Finally, although the Court does not need to reach the issue of qualified immunity, even if Plaintiff had established the necessary elements of his malicious prosecution claim—which he does not—the Court would nevertheless conclude that Defendants are entitled to qualified immunity.  "If the officer reasonably believed that his actions did not violate plaintiff's rights, he is entitled to qualified immunity even if that belief was mistaken." *Rolkiewicz*, 442 F. Supp. 3d at 643 (internal quotation marks and citation omitted).  This standard also applies to an officer's reasonable beliefs about the applicable law that the plaintiff allegedly violated.  An officer may initiate a prosecution against a plaintiff pursuant to an incorrect interpretation of law, so long as the officer's legal error "was not 'clearly established' at the time [the officer] initiated the prosecution against [the plaintiff]." *Cornelio v. Connecticut*, 32 F.4th 160, 179 (2d Cir. 2022) (applying qualified immunity to dismiss malicious prosecution claim against detective even though plaintiff "ha[d] stated a plausible claim" that the law under which he was prosecuted violated the First Amendment).

Because the Court finds that arguable probable cause existed at the time of Plaintiff's arrest, *see* Section I.B *supra*, the only way Plaintiff can establish the absence of arguable probable cause to prosecute is by showing that the Defendants discovered some exculpatory

evidence between the time of arrest and prosecution.  *See Johnson v. Constantellis*, 221 F. App'x 48, 50 (2d Cir. 2007) ("If probable cause existed at the time of arrest, . . . [then], it continues to exist at the time of the prosecution unless undermined by the discovery of some intervening fact.").  Plaintiff points to two facts discovered between arrest and prosecution:  (i) the alleged fraudulent alcohol permits were in the names of Glad Yet Banquet Hall and Oluwafunmilayo Hassan, and (ii) that there was a discrepancy in the amount of money vouchered and recovered from the scene.  *See* ECF Nos. 40 at 5–7, 66 at 5–7.  The fact that the permits were in someone else's name and that there was a discrepancy in the amount vouchered does not alter the determination that arguable probable cause existed for arresting Plaintiff for violating the Alcohol Beverage Control Law because Defendants reasonably believed Plaintiff was the promoter of the event at the hall.  The Court therefore finds that a reasonably competent police officer in either Defendant's position could have reasonably believed that there was probable cause to prosecute Plaintiff and the malicious prosecution claim should also be dismissed for this additional reason.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted in its entirety, and all claims are dismissed.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

_/s/ Hector Gonzalez_____
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
        August 19, 2022

16